## Montgomery *v.* Lindsay, Appellant.

*Brokers—Contract—Sale of stock—Delay in delivery of certificate—Dividend.*

Where an owner of stock directs a broker to sell it, but after the sale refuses to deliver the certificate until a dividend is declared and has accrued to him, and the broker is obliged under the rules of the stock exchange to make good the dividend to the purchaser out of his own pocket, the broker may recover the amount thus paid, from his customer.

Submitted Oct. 21, 1910. Appeal, No. 185, Oct. T., 1910, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1909, No. 2,690, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert L. Montgomery et al., trading as Montgomery, Clothier & Tyler, v. James G. Lindsay. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Clarence Loeb,* for appellant, cited: Cope v. Dodd, 13 Pa. 33; Evans v. Waln, 71 Pa. 69.

*W. W. Montgomery, Jr.,* for appellee, cited: Horton v. Morgan, 19 N. Y. 170; Whitehouse v. Moore, 13 Abb. Pr. (N. Y.) 142; Taylor v. Bailey, 169 Ill. 181 (48 N. E. Repr. 200); Boyle v. Henning, 121 Fed. Repr. 376.

OPINION BY HEAD, J., November 21, 1910:

It is conceded that the defendant gave to the plaintiffs, who were regular brokers on the stock exchange at Phila-

delphia, an unconditional order to sell certain shares of stock when the market price of the stock would reach $10.00 per share. It is further agreed that on August 30, 1909, for the first time after the receipt of said order, the market price of the stock rose to the price designated, to wit, $10.00 per share. The plaintiffs, in obedience to the order of the defendant, promptly sold the stock at the price named and have accounted for the proceeds of that sale.

It further appears that on the day of the sale a dividend had been declared by the directors of the company which was to be payable on the fifteenth of the following September to the stockholders of record on August 31. Whether actual notice of the declaration of such dividend came to the plaintiffs before or after they had made the sale is a question that may be said to be in issue between the parties, but we regard it as immaterial.

When the defendant gave the order to sell he did not turn over his stock certificate to the plaintiffs. As a consequence, when they sold the stock on August 30, they were unable to make an actual delivery of the certificate duly assigned to the purchaser. But under the rules of the stock exchange, as well as under the obligations of good faith in the transaction, the sale was out and out and transferred to the purchaser every right of the holder of the stock. It is not material that the defendant did not know these rules and regulations, if such be the fact. He did know that the agents he had selected to sell his property were regular brokers on the stock exchange, and he must have known that they would be advised of the regulations of the body of which they were members and would be bound by them. Their knowledge in this respect was his knowledge.

As the defendant declined to deliver the stock until after August 31, 1909, he continued to appear on the books of the company as the owner of the stock on that date and entitled to receive the dividend. It was therefore paid to him and he has since retained it.

The plaintiffs, however, in order to make good to their purchaser their contract of sale, and to retain their status as members in good standing of the stock exchange, were obliged to pay over to their purchaser out of their own pockets the amount of this dividend, and they now sue the defendant to recover this sum.

There is no averment in the affidavit of defense to show that the stock ever rose to any price above $10.00 per share, nor to rebut the natural inference that it was because of the public expectation of such dividend that the rise in price from $8.00 to $10.00 per share occurred. There is nothing to impugn in any way the good faith of the plaintiffs in following the orders they received. Had they failed to sell the stock at that price, they might have rendered themselves liable to an action by the defendant had the price subsequently fallen.

We are of the opinion that the learned court below was right in holding that the affidavit disclosed no legal defense to the meritorious claim of the plaintiffs, and there is no general principle of law involved in the case that would warrant any further discussion of it here.

Judgment affirmed.