Whelen et al. *v.* Craig, Appellant.

Argued October 10, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Horace Michener Schell,* for appellant, cited: Prigg v. Preston, 28 Pa. Superior Ct. 272; Cope v. Dodd, 13 Pa. 33; Champion v. Wilson & Co., 64 Georgia 184; Irwin v. Williar, 110 U. S. 499.

*S. Heckscher,* of *Duane, Morris & Heckscher,* for appellees.—When defendant directed plaintiff to sell his stock he gave them implied authority to abide by the rules of the Stock Exchange upon which such stock was listed: Montgomery v. Lindsay, 44 Pa. Superior Ct. 516; Kirk v. Showell & Fryer, 276 Pa. 587.

Opinion by Linn, J., January 29, 1930:

Plaintiffs have judgment for want of a sufficient affidavit of defense in their suit for defendant's breach of contract to deliver to them certain property sold by them for his account pursuant to the instructions of his authorized agent. He was owner of 10 shares

of capital stock of Continental Insurance Company, having a par value of $25. On December 12, 1927, the company reduced its par to $10 per share and at the same time declared a stock dividend of 50% payable to stockholders of record December 30, 1910, which would have entitled him to 12½ shares additional (par $10) if he had remained a stockholder on that date. On December 17, however, he instructed his agent, Provident Trust Company of Philadelphia, to cause his 10 shares to be sold "at market" as his affidavit of defense states. On his behalf, the Trust Company telephoned its order to plaintiffs, who are stock brokers, so to sell the 10 shares, but did not at the same time deliver the certificate for transfer. The stock was salable only on the New York Stock Exchange. Plaintiffs immediately telephoned the order to a New York stock broker—a member of that exchange—who on the same day sold the stock with "dividend-on" at $296.75 per share. On the same day plaintiffs sent a written confirmation and notice of sale at that price to the Trust Company, the notice containing the following: "It is agreed between the broker and customer that all transactions are subject to the rules and customs of the New York Stock Exchange and its Clearing House." That notice was received by the Trust Company, acting for defendant, and two days later, the Trust Company delivered to plaintiffs defendant's stock certificate for 10 shares endorsed by him for transfer. No objection was then made by him or his agent to the conditions of sale stating it to have been made subject to the rules and customs of the New York Stock Exchange. On December 10, 1927, the New York Stock Exchange had issued to its members a regulation that on and after December 12 and until further notice, the stock of Continental Insurance Company would not be quoted ex-dividend but that all deliveries of such stock on and after December 12

should be accompanied by a due bill whereby the certificate holder assigned to its purchaser the stock dividend payable to that certificate holder.

On December 17 in consummating the sale of 10 shares as ordered by defendant's agent, the New York broker, to complete its contract of sale within the time required, made delivery of other 10 shares in its possession with dividend-on and received the price $296.75 per share and accounted to defendant's Philadelphia broker (the plaintiffs) who in turn accounted to defendant's agent, the Trust Company, for the proceeds and demanded delivery of the assignment of the 12½ shares stock dividend to enable plaintiffs to comply with the terms of sale made by them on defendant's behalf. He declined to deliver the title to the stock dividend, whereupon plaintiffs went into the market and purchased its equivalent for $995.31 and completed their contract so made on defendant's behalf and, on his refusal to pay, brought this suit to reimburse themselves.

The affidavit of defense admits all these facts and, at bottom, merely avers lack of knowledge of the action of the New York Stock Exchange governing the sale of this stock when made. That is no defense. His instruction was to sell "at market;" that meant a sale not merely at the market price but subject to all reasonable rules and regulations governing the market at which the sale must be made; one of these was that trading in this stock must be dividend-on; in view of the effect of the reduction of par from $25 to $10 and of the distribution of corporate surplus in the 50% stock dividend, on holders of such stock, as collateral, the regulation was reasonable as matter of law, whether he or his agents or brokers knew of it or not, and his order to sell must be considered as having been made subject to it: Montgomery v. Lindsay, 44 Pa. Superior Ct. 516; Clews v. Jamieson, 182 U. S.

461, 481; Gettys v. Newburger, 272 Fed. 209, 215; 4 R. C. L. p. 263, Sec. 15; 9 C. J. 530.

For another reason the affidavit is insufficient. Before delivery of the stock to plaintiffs on December 9, defendant's agent had been specifically notified, as has been stated, that the sale had been made subject to the rules and customs of the New York Stock Exchange and without protest and with knowledge of that fact, (though we do not pass on the effect such protest might have had) the Trust Company delivered the certificate for transfer. Defendant was therefore expressly bound to comply with those rules in making delivery. He would avoid the effect of this conduct by the contention that he was bound by general rules but not by a particular rule applying to the sale of the stock of this company even though made pursuant to the "rules and customs" of the exchange. But the contention fails to give adequate force to the conditions of sale; it is agreed that the transaction was subject to the rules; the averment is—and there is no legal denial of it—that the conditions of the sale of this stock with dividend-on were imposed pursuant to the power in the exchange to regulate its transactions; there is no averment in the affidavit that the exchange exceeded any reserved power in making the regulation in question. The cases cited by appellant governing the application of general trade usages or customs have no relation to the question presented for decision; here, plaintiff specifically agreed that the right to exercise a particular power existed and, of course, that his sale should be subject to the result of the lawful exercise of the power. Neither of his contentions is sound.

Judgment affirmed.